**EXHIBIT A**

# COMMONWEALTH OF VIRGINIA





RECEIVED AND FILED
CIRCUIT COURT
2:45
MAR 17 2025
EDWARD F. JEWETT, CLERK
BY _____ D.C.

## SUMMONS – CIVIL ACTION

RULE 3:5; VA. CODE § 8.01-2

Case No. CL25000811-00

RICHMOND CITY ................................................................................................ Circuit Court

400 NORTH 9TH STREET, RICHMOND 23219-

ADDRESS

TO:

DOMINION ENERGY, INC., CT CORPORATION SYSTEM

4701 COX ROAD

SUITE 285

GLEN ALLEN, VA 23060-

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia.

FEBRUARY 14, 2025 ..............................     JEWETT, EDWARD F _____ Clerk

DATE

by _/S/ LIPSCOMB, ILLENE_____

DEPUTY CLERK

Instructions:

Hearing Official: .............................................................

FORM CC-1400 MASTER 10/13

Service: RICHMOND CITY CC/ILH-SCOMB at 2025FEB14 13:33 CL25000811-00

# SERVICE OTHER THAN BY VIRGINIA SHERIFF

COMMONWEALTH OF VIRGINIA

VA. CODE §§ 8.01-293, 8.01-320, 8.01-325

Case No. CL25000811-00

Service No. 1 .................... (Clerk's use only)

RICHMOND CITY .................... Circuit Court

TOLBERT, THOMAS MICHAEL          v.     DOMINION ENERGY, INC.

DOMINION ENERGY, INC., CT CORPORATION SYSTEM, 4701 COX ROAD, SUITE 285, GLEN ALLEN, VA 23060-

is the name and address of the person upon whom service of the following is to be made:

[ ] Summons and Complaint

[X] COMPLAINT ....................

I, the undersigned, swear/affirm that

1.   [ ] I am an official or an employee of an official who is authorized to serve process of the type described in the attached Proof of Service and my title and bailiwick are as follows:

.....................................................................................

or,

[ ] I am a private process server (list name, address and telephone number below).

.....................................................................................

or,

[ ] I am an investigator employed by an attorney for the Commonwealth or the Indigent Defense Commission and have retired or resigned from my prior position as a law-enforcement officer in good standing. I affirm that the sheriff for the jurisdiction where process was served has agreed that such investigators may serve process. (List name, title and agency below.)

.....................................................................................

2.   I am not a party to, or otherwise interested in, the subject matter in controversy in this case.
3.   I am 18 years of age or older.
4.   I served, as shown below, the above-named person upon whom service of process was to be made with copies described above.

   — Date and time of service: ....................

   — Place of service: ....................
                                                    STREET ADDRESS, CITY AND STATE

   — Method of service:

| [ ] Personal Service | [ ] Not Found |
| --- | --- |

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivery to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of person to be served after giving information of its purport. List name, age of recipient, and relation of recipient to party ....................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode (other authorized recipient not found).

[ ] (Garnishment Summons Only, § 8.01-511) Copy mailed to judgment debtor after serving the garnishee on date of service below unless a different date of mailing is shown.

....................
DATE OF MAILING

....................                    ....................
DATE                                     SIGNATURE

State/Commonwealth of .................... ,  [ ] City [ ] County of ....................

Subscribed and sworn to/affirmed before me this .................... day of .................... , 20 ....................

by ....................
PRINT NAME OF SIGNATORY                                                        TITLE

....................                    ....................
DATE                                     NOTARY PUBLIC (My commission expires ....................)
                                         Registration No. ....................

FORM CC-1407 MASTER 07/18

# Service Authorization
## CT Corporation System

CT Corporation System ("CT") is registered agent for service of process for numerous corporations and similar entities. CT receives the process only in its capacity as a commercial registered agent. The individuals designated below are employees of CT Corporation System and in receiving the process, do so only on CT's behalf and in CTs capacity as registered agent.

**PLEASE NOTE:** The Code of Virginia §§ 13.1-634 provides in part:
"Registered office and registered agent.
A....
B. The sole duty of the registered agent is to forward to the corporation at its last known address any process, notice or demand that is served on the registered agent."

*As such, neither CT Corporation System., nor its individual employees designated below, have the duty or the ability to respond to any legal process, notice or demand that is served on CT's clients.*

The following natural persons are designated in the office of the registered agent upon whom any process, notice or demand may be served:

Lauren Phillips    Charmane Cunningham    Jessica Fitzgerald    Alexus Mills

This authorization does not certify the receipt or acceptance of any specific process

Lauren Phillips
Fulfillment Associate
CT Corporation System

State of Virginia
County of Henrico

This day personally appeared before me, Lauren Phillips, who name is signed above and who, being first duly sworn, upon her oath, state that the foregoing Affidavit is true to the best of her knowledge and belief.

Subscribed and sworn before me this _11_ day of Oct, 2024.

Notary Public

QUINTINA L. BARTOLOMEI
NOTARY PUBLIC
REG. #360582
COMMONWEALTH OF VIRGINIA
MY COMMISSION EXPIRES 07/31/2026

## AFFIDAVIT OF SERVICE

**State of Virginia**                **County of Richmond (City)**                **Circuit Court**

Case Number: CL25000811-00

Plaintiff:
**Thomas Michael Tolbert, Jr.**

vs.

Defendant:
**Dominion Energy, Inc.**

Received by ProServ to be served on **Dominion Energy, Inc.; CT Corporation System, 4701 Cox Road, Suite 285, Glen Allen, VA 23060**.

I, Christopher S. Hester, being duly sworn, depose and say that on the **12th day of March, 2025** at **10:25 am, I:**

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **Summons and Complaint with Attachment** with the date and hour of service endorsed thereon by me, to: **Lauren Phillips, Designated Employee** at the address of: **4701 Cox Road, Suite 285, Glen Allen, VA 23060**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, not a party to the above-named action, nor otherwise interested in the subject matter in controversy.

Subscribed and sworn to before me on the 13th day of March, 2025 by the affiant who is personally known to me.

_____
Notary public

**Christopher S. Hester**
Process Server

**ProServ**
**P.O. Box 13625**
**Roanoke, VA 24035**
**(540) 342-0954**

Our Job Serial Number: HTR-2025002277

Commonwealth of Virginia
County of Chesterfield
My Commission Expires 11/30/2028



Copyright © 1992-2025 DreamBuilt Software, Inc. - Process Server's Toolbox V9.0a

Uploaded: 2025FEB14 07:05 Filed By Bar# 75488 TSTRELKA Reference: EF-164841
eFiled: 2025FEB14 RICHMOND CITY CC ILIPSCOMB at 2025FEB14 13:55 CL25000811-00

Case 3:25-cv-00256-RCY    Document 1-2    Filed 04/02/25    Page 5 of 33 PageID# 12

**V I R G I N I A:**

### IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

**THOMAS MICHAEL TOLBERT, JR.,**

      **Plaintiff,**

**v.**                                                               **Case No.**

**DOMINION ENERGY, INC.**

      **Serve:**      **CT Corporation System**
                        **4701 Cox Road, Suite285**
                        **Glen Allen, VA 23060**

      **Defendant.**

### COMPLAINT

COMES NOW, Plaintiff, Thomas Michael Tolbert, Jr., and files this complaint against Defendant, Dominion Energy, Inc., and states the following in support thereof:

### I.   JURISDICTION and VENUE

1.   This Court has jurisdiction over this matter as it arises under Virginia law. No federal claims are made herein. This Court will not be required to weigh any federal questions of law to resolve the state statutory claims advanced by Plaintiff.

2.   Plaintiff resides in Chesterfield County, Virginia.

3.   Defendant is a Virginia Stock Corporation with its principal place of business in the City of Richmond, Virginia, and its registered agent's office in Henrico County, Virginia.

4.   Venue is permissible in this Court under Va. Code § 8.01-262.

5.   Plaintiff timely filed a Charge of Discrimination with the Office of the Attorney General of Virginia, Office of Civil Rights on July 30, 2024. Plaintiff received his

1

Notice of Right to File a Civil Action on December 3, 2024, attached as **EXHIBIT A**. Plaintiff files this lawsuit within 90 days of receipt of that letter.

## II.    FACTS

6.    Thomas Michael Tolbert, Jr. is a military veteran who was employed by Dominion as a Nuclear Security Specialist at the Surry Nuclear Power Station in Surry County, Virginia.

7.    Mr. Tolbert was an employee of Dominion since February of 2009.

8.    Mr. Tolbert was diagnosed with post-traumatic stress disorder (PTSD) arising from his military service. Mr. Tolbert is a person with a disability as defined by state and federal law.

9.    Mr. Tolbert's disability affects daily life activities.

10.    During the fifteen years that Mr. Tolbert has worked for Dominion, his PTSD has never been an issue, he has never had any disciplinary problems, and has an exemplary work and attendance record.

11.    In December of 2023, Mr. Tolbert attended his routine health check with Dominion's contracted doctor. The doctor asked Mr. Tolbert several questions about his military service and if he had ever been diagnosed with PTSD.

12.    Later that evening, Mr. Tolbert's employment was suspended due to his past PTSD diagnosis. Dominion also demanded that Mr. Tolbert provide his mental health/medical records.

13.    Mr. Tolbert was informed that if he failed to provide his medical history to Dominion within 90 days, he would be terminated from employment.

2

14. Mr. Tolbert complied and provided all medical documentation necessary for Dominion to render employment decisions. However, Dominion sought medical documentation outside the scope of its business needs.

15. After providing information regarding his disability to his employer, Mr. Tolbert was suspended from work, removed from the company directory, lost pay, lost benefits, and was terminated from employment.

16. Mr. Tolbert provided all medical records necessary to Dominion to ensure his return to work and continued hire.

17. Mr. Tolbert requested an accommodation related to the sufficiency of the medical information requested by Mr. Tolbert. This was an accommodation to ensure the fulfillment of Mr. Tolbert's essential job functions and was made in relation to his condition that affects daily life activities, i.e., his disability. Dominion denied this accommodation request.

18. It was never an undue hardship or burden for Dominion to grant Mr. Tolbert his accommodation.

19. Mr. Tolbert received a notice from his employer dated May 24, 2024 stating, "as a result of your termination . . .".

20. Mr. Tolbert received a document from Dominion stating:

   a. "[Mr. Tolbert] received an unfavorable psychological determination and was unwilling to cooperate with the process."

   b. "[Dominion] is unable to make a decision on trustworthiness and reliability."

21. Mr. Tolbert did not receive an unfavorable psychological determination and nor was he unwilling to cooperate with the process.

3

22.     Dominion was able to make a decision on trustworthiness and reliability regarding Mr. Tolbert as he had been a longtime employee and had disclosed extensive medical records to Dominion illustrating years of trustworthiness and reliability.

23.     Dominion wrongfully terminated Mr. Tolbert.

24.     Mr. Tolbert applied for other positions with Dominion to which he was otherwise entitled and Dominion refused to hire Mr. Tolbert.

25.     Mr. Tolbert alleges discrimination based on his disability (PTSD) and status in violation of the Virginia Human Rights Act, and the Virginia Values Act.

26.     Dominion retaliated against Mr. Tolbert for engaging in protected activities under the law such as requesting accommodations and reporting unfair treatment on the basis of his disability.

## COUNT I: FAILURE TO MAKE REASONABLE ACCOMMODATIONS IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT, VA. CODE 2.2-3905.1

27.     Mr. Tolbert incorporates by reference the preceding paragraphs of this Complaint.

28.     At all times relevant to this Complaint, Mr. Tolbert was employed by Dominion.

29.     At all times relevant, Dominion employed more than five persons for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

30.     Mr. Tolbert was a person with a disability, as that term is defined in Va. Code 51.5-40.1: "any person who has a physical or mental impairment that substantially limits one or more of his major life activities or who has a record of such impairment."

4

31. Mr. Tolbert communicated to Dominion the fact of his disabilities, and their effect on his daily life activities.

32. He also requested reasonable accommodations regarding the sufficiency of medical records provided to his employer.

33. Dominion never claimed that Mr. Tolbert's denied requests would have imposed an undue hardship on Dominion.

34. Mr. Tolbert's denied requests did not place an undue hardship on Dominion.

35. According to Va. Code 2.2-3905.1(B)(1), "It shall be an unlawful discriminatory practice for an employer to [r]efuse to make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer."

36. According to Va. Code 2.2-3905.1(B)(5), "It shall be an unlawful discriminatory practice for an employer to [f]ail to engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable, and if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided."

37. According to Va. Code 2.2-3905.1(B)(2), "It shall be an unlawful discriminatory practice for an employer to [t]ake adverse action against an employee who requests or uses a reasonable accommodation."

5

38.    Dominion denied Mr. Tolbert alternate employment because of his disability and/or his request for accommodation.

39.    According to Va. Code 2.2-3905.1(B)(3), "It shall be an unlawful discriminatory practice for an employer to [d]eny employment or promotion opportunities to an otherwise qualified applicant or employee because such employer will be required to make reasonable accommodation for a person with a disability."

40.    As a direct and proximate result of Dominion's actions, Mr. Tolbert has suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

41.    Pursuant to Va. Code 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate."

### COUNT II: DISCRIMINATION AND RETALIATION IN EMPLOYMENT IN VIOLATION OF THE VIRGINIA HUMAN RIGHTS ACT, Va. Code 2.2-3905

42.    Mr. Tolbert incorporates by reference the preceding paragraphs of this Complaint.

43.    Pursuant to Va. Code 2.2-3905(B)(1)(a), "It is an unlawful discriminatory practice for [a]n employer to: . . . [d]ischarge, or otherwise discriminate against any

individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's . . . disability . . . ."

44.    Dominion's decision to terminate Mr. Tolbert's employment was an unlawful discriminatory practice under Virginia law because he was terminated for taking intermittent medical leave to manage his disabilities and/or requesting accommodations for his disabilities.

45.    As a direct and proximate result of Dominion's actions, Mr. Tolbert has suffered and will continue to suffer pecuniary loss, compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary loss.

46.    Pursuant to Va. Code 2.2-3908, "the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate."

WHEREFORE, Plaintiff Thomas Michael Tolbert, Jr. prays for judgment against Defendant Virginia Electric and Power Company d/b/a Dominion Energy Virginia (Fredericksburg CI), and for equitable relief, injunctive relief, compensatory damages, punitive damages, back pay, and front pay in the total amount of FIVE MILLION DOLLARS ($5,000,000.00) and for costs, attorneys' fees, prejudgment interest, post-judgment interest, and for such other and further relief as may be just and equitable.

TRIAL BY JURY IS DEMANDED.

Respectfully Submitted,

**THOMAS MICHAEL TOLBERT, JR**

Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
VIRGINIA EMPLOYMENT LAW
4227 Colonial Avenue
Roanoke, Virginia 24018
(540) 283-0802
thomas@vaemployment.law
leigh@vaemployment.law

*Counsel for Plaintiff*

8

# OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
## OFFICE OF CIVIL RIGHTS

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

| | |
|---|---|
| **TO: THOMAS TOLBERT, JR, CHARGING PARTY**<br>**C/O THOMAS E. STRELKA, ESQ.**<br>**VIRGINIA EMPLOYMENT LAW**<br>**4227 COLONIAL AVENUE SW**<br>**ROANOKE, VA 24018**<br><br>☐ ON BEHALF OF AGGRIEVED PERSON WHOSE IDENTITY IS CONFIDENTIAL IN ACCORDANCE WITH 1 VA. ADMIN. CODE § 45-20-30 | **FROM:** Office of the Attorney General<br>Office of Civil Rights<br>202 N. 9th Street<br>Richmond, VA 23219<br>Phone: 804.225.2292 |
| **CHARGE NUMBER(S):**<br><br>OCR No:  24-N0327<br><br>EEOC No: 437-2024-01967 | **OCR Representative:**<br>Name:  Timothy Wilson<br>Telephone: 804.225.2292 |

### Notice to the Person Aggrieved:

In accordance with the Virginia Human Rights Act (VHRA), this is your Notice of Right to File a Civil Action (Notice) issued for the above-numbered charge and in accordance with Va. Code § 2.2-3907. Pursuant to 1 VAC 45-20-98(C), your lawsuit under the VHRA **must be filed in a state court WITHIN 90 DAYS OF THIS NOTICE** or your right to sue based on this charge in state court will be lost.

*For additional information regarding your rights, please see the back side of this page.*

If your complaint involves employment discrimination and was dual filed by the Office with the U.S. Equal Employment Opportunity Commission (EEOC), the Office will notify the EEOC of the issuance of this Notice. (For any complaints involving federal law claims, the time limit for filing a suit in federal court will be based on federal law and, therefore, may be different.)

☐  More than 180 days have passed since the filing of this complaint.

☐  Less than 180 days have passed since the filing of this complaint, but the Office has determined that it is unlikely that it will be able to complete its administrative processing of the complaint within 180 days from the day the complaint was filed.

☒  The Charging Party has requested this Notice.

☐  The Office is ceasing its processing of this complaint.

☐  The Office will continue to process this complaint.

*If you file a lawsuit based on this complaint, please send us a copy of your court complaint.*

| | |
|---|---|
| **Issued on behalf of the Office of Civil Rights by:**<br><br>**Christine Lambrou Johnson, Chief** | **Date Issued: 12/3/2024** |

cc:  Dominion Energy
c/o Naomh Hudson, Esq., Senior Counsel
120 Tredegar Street, 6th Floor
Richmond, VA 23219

OCR-Notice 09-16-2022

# OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
## OFFICE OF CIVIL RIGHTS

### Information Related to Filing Suit Under the Laws Enforced

### by the Office of the Attorney General - Office of Civil Rights

This information relates to filing a lawsuit in state court under Virginia law. If you also plan to sue claiming violations of federal law, please be aware that time limits may be shorter and other provisions of federal law may be different than those described below. *If this charge was dual filed with the U.S. Equal Employment Opportunity Commission (EEOC), the EEOC will issue its separate Notice of Right to Sue to the Charging Party for the relevant federal law claims upon receiving notification of the Office's dismissal of this charge pursuant to its issuance of this Notice.*

### PRIVATE SUIT RIGHTS – VIRGINIA HUMAN RIGHTS ACT, VA. CODE § 2.2-3900 et. seq.

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, **you should keep a record of the date you receive this Notice**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell your attorney the date on which you received this Notice.

Your lawsuit may be filed in the appropriate Virginia general district or circuit court or, if federal law claims are involved, in the U.S. District Court of competent jurisdiction. Whether you file in a Virginia or federal court is a matter for you to decide or in consultation with your attorney, if you have one. If you elect to file your lawsuit in federal court, you should make sure to share your Notice of Right to Sue from the EEOC with your attorney as well as this Notice, as different time limits may apply. Your lawsuit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.

### ATTORNEY REFERRAL AND ASSISTANCE

If you need assistance finding an attorney or have any questions about your legal rights, you may wish to contact the Virginia Lawyer Referral Service by telephone at (800) 552-7977 or by email at lawyerreferral@vsb.org, or a local legal aid service. If you need a copy of the information in this Office's file regarding your complaint, please request it promptly in writing and provide your OCR case number as shown on your Notice. Although the Office destroys case files after a certain time, all investigative files are kept for at least one year after our last action on the case. Therefore, if you file a lawsuit and want to obtain a copy of the investigative file, **please submit your written request within one year of this Notice**.

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

OCR-Notice 09-16-2022

Session Information    Bills & Resolutions    State Budget    Virginia Law    Reports to the General Assembly

Code of Virginia
Title 2.2. Administration of Government
Subtitle II. Administration of State Government
Chapter 39. Virginia Human Rights Act

# Chapter 39. Virginia Human Rights Act.

### § 2.2-3900. Short title; declaration of policy.
A. This chapter shall be known and cited as the Virginia Human Rights Act.

B. It is the policy of the Commonwealth to:

1. Safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, ethnic or national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, sexual orientation, gender identity, military status, or disability in places of public accommodation, including educational institutions and in real estate transactions;

2. Safeguard all individuals within the Commonwealth from unlawful discrimination in employment because of race, color, religion, ethnic or national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, sexual orientation, gender identity, disability, or military status;

3. Preserve the public safety, health, and general welfare;

4. Further the interests, rights, and privileges of individuals within the Commonwealth; and

5. Protect citizens of the Commonwealth against unfounded charges of unlawful discrimination.

1987, c. 581, §§ 2.1-714, 2.1-715; 1997, c. 404; 2001, c. 844; 2020, cc. 1137, 1140; 2021, Sp. Sess. I, cc. 477, 478; 2024, cc. 266, 334.

### § 2.2-3901. Definitions.
A. The terms "because of sex or gender" or "on the basis of sex or gender" or terms of similar import when used in reference to discrimination in the Code and acts of the General Assembly include because of or on the basis of pregnancy, childbirth, or related medical conditions, including lactation Women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all purposes as persons not so affected but similar in their abilities or disabilities.

B. The term "gender identity," when used in reference to discrimination in the Code and acts of the General Assembly, means the gender-related identity, appearance, or other gender-related characteristics of an individual, with or without regard to the individual's designated sex at birth.

C. The term "sexual orientation," when used in reference to discrimination in the Code and acts of the General Assembly, means a person's actual or perceived heterosexuality, bisexuality, or homosexuality.

D. The terms "because of race" or "on the basis of race" or terms of similar import when used in reference to discrimination in the Code and acts of the General Assembly include because of or on the basis of traits historically associated with race, including hair texture, hair type, and protective hairstyles such as braids, locks, and twists.

E. As used in this chapter, unless the context requires a different meaning:

"E.E.O.C." means the U.S. Equal Employment Opportunity Commission.

"Lactation" means a condition that may result in the feeding of a child directly from the breast or the expressing of milk from the breast.

"Military status" means status as (i) a member of the uniformed forces, as defined in 10 U.S.C. § 101(a)(5), of the United States or a reserve component thereof named under 10 U.S.C. § 10101, (ii) a veteran as defined in 38 U.S.C. § 101(2), or (iii) a dependent as defined in 50 U.S.C. § 3911(4) except that the support provided by the service member to the individual shall have been provided 180 days immediately preceding an alleged action that if proven true would constitute unlawful discrimination under this section instead of 180 days immediately preceding an application for relief under 50 U.S.C. Chapter 50.

"Religion" includes any outward expression of religious faith, including adherence to religious dressing and grooming practices and the carrying or display of religious items or symbols.

1987, c. 581, § 2.1-716; 1991, c. 457; 1997, c. 404; 2001, c. 844; 2005, c. 839; 2020, cc. 107, 152, 1137, 1138, 1139, 1140; 2021, Sp. Sess. I, cc. 477, 478; 2022, c. 799; 2024, c. 819.

### § 2.2-3902. Construction of chapter; other programs to aid persons with disabilities, minors, and the elderly.
The provisions of this chapter shall be construed liberally for the accomplishment of its policies.

Conduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or

Case 3:25-cv-00256-RCY    Document 1-2    Filed 04/02/25    Page 16 of 33 PageID# 23

ethnic or national origin is an unlawful discriminatory practice under this chapter.

Nothing in this chapter shall prohibit or alter any program, service, facility, school, or privilege that is afforded, oriented, or restricted to a person because of disability or age from continuing to habilitate, rehabilitate, or accommodate that person.

In addition, nothing in this chapter shall be construed to affect any governmental program, law or activity differentiating between persons on the basis of age over the age of 18 years (i) where the differentiation is reasonably necessary to normal operation or the activity is based upon reasonable factors other than age or (ii) where the program, law or activity constitutes a legitimate exercise of powers of the Commonwealth for the general health, safety and welfare of the population at large.

Complaints filed with the Office of Civil Rights of the Department of Law (the Office) in accordance with § 2.2-520 alleging unlawful discriminatory practice under a Virginia statute that is enforced by a Virginia agency shall be referred to that agency. The Office may investigate complaints alleging an unlawful discriminatory practice under a federal statute or regulation and attempt to resolve it through conciliation. Unsolved complaints shall thereafter be referred to the federal agency with jurisdiction over the complaint. Upon such referral, the Office shall have no further jurisdiction over the complaint. The Office shall have no jurisdiction over any complaint filed under a local ordinance adopted pursuant to § 15.2-965.

1987, c. 581, § 2.1-717; 1991, c. 457; 1997, c. 404; 2000, c. 933; 2001, c. 844; 2012, cc. 803, 835; 2020, cc. 1137, 1140; 2021, Sp. Sess. I, cc. 12, 196, 477, 478; 2024, cc. 266, 334.

### § 2.2-3903. Repealed.

Repealed by Acts 2020, c. 1140, cl. 2.

### § 2.2-3904. Nondiscrimination in places of public accommodation; definitions.

A. As used in this section:

"Age" means being an individual who is at least 18 years of age.

"Place of public accommodation" means all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, or accommodations.

B. It is an unlawful discriminatory practice for any person, including the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, to refuse, withhold from, or deny any individual, or to attempt to refuse, withhold from, or deny any individual, directly or indirectly, any of the accommodations, advantages, facilities, services, or privileges made available in any place of public accommodation, or to segregate or discriminate against any such person in the use thereof, or to publish, circulate, issue, display, post, or mail, either directly or indirectly, any communication, notice, or advertisement to the effect that any of the accommodations, advantages, facilities, privileges, or services o any such place shall be refused, withheld from, or denied to any individual on the basis of race, color, religion, ethnic or national origin, sex, pregnancy, childbirth or related medical conditions, age, sexual orientation, gender identity, marital status, disability, or military status.

C. The provisions of this section shall not apply to a private club, a place of accommodation owned by or operated on behalf of a religious corporation, association, or society that is not in fact open to the public, or any other establishment that is not in fact open to the public.

D. The provisions of this section shall not prohibit (i) discrimination against individuals who are less than 18 years of age or (ii) the provision of special benefits, incentives, discounts, or promotions by public or private programs to assist persons who are 50 years of age or older.

E. The provisions of this section shall not supersede or interfere with any state law or local ordinance that prohibits a person under the age of 21 from entering a place of public accommodation.

2020, c. 1140; 2021, Sp. Sess. I, cc. 477, 478; 2024, cc. 266, 334.

### § 2.2-3905. Nondiscrimination in employment; definitions; exceptions.

A. As used in this section:

"Age" means being an individual who is at least 40 years of age.

"Domestic worker" means an individual who is compensated directly or indirectly for the performance of services of a household nature performed in or about a private home, including services performed by individuals such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use. "Domestic worker" does not include (i) a family member, friend, or neighbor of a child, or a parent of a child, who provides child care in the child's home; (ii) any child day program as defined in § 22.1-289.02 or an individual who is an employee of a child day program; or (iii) any employee employed on a casual basis in domestic service employment to provide companionship services for individuals who, because of age or infirmity, are unable to care for themselves.

"Employee" means an individual employed by an employer.

"Employer" means a person employing (i) 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person or (ii) one or more domestic workers. However, (a) for purposes of unlawful discharge under subdivision B 1 on the basis of race, color, religion, ethnic or national origin, military status, sex, sexual orientation, gender identity, marital status, disability, pregnancy, or childbirth or related medical conditions including lactation, "employer" means any person employing more than five persons or one or more domestic workers and (b) for purposes of unlawful discharge under subdivision B 1 on the basis of age, "employer" means any employer employing more than five but fewer than 20 persons.

"Employment agency" means any person, or an agent of such person, regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer.

"Joint apprenticeship committee" means the same as that term is defined in § 2.2-2043.

"Labor organization" means an organization engaged in an industry, or an agent of such organization, that exists for the purpose, in whole or in part of dealing with employers on behalf of employees concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment. "Labor organization" includes employee representation committees, groups, or associations in which employees participate.

"Lactation" means a condition that may result in the feeding of a child directly from the breast or the expressing of milk from the breast.

B. It is an unlawful discriminatory practice for:

1. An employer to:

a. Fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or ethnic or national origin; or

b. Limit, segregate, or classify employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or ethnic or national origin.

2. An employment agency to:

a. Fail or refuse to refer for employment, or otherwise discriminate against, any individual because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin; or

b. Classify or refer for employment any individual on the basis of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin.

3. A labor organization to:

a. Exclude or expel from its membership, or otherwise discriminate against, any individual because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin;

b. Limit, segregate, or classify its membership or applicants for membership, or classify or fail to or refuse to refer for employment any individual, in any way that would deprive or tend to deprive such individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect an individual's status as an employee or as an applicant for employment, because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin; or

c. Cause or attempt to cause an employer to discriminate against an individual in violation of subdivisions a or b.

4. An employer, labor organization, or joint apprenticeship committee to discriminate against any individual in any program to provide apprenticeship or other training program on the basis of such individual's race, color, religion, sex, sexual orientation, gender identity, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin.

5. An employer, in connection with the selection or referral of applicants or candidates for employment or promotion, to adjust the scores of, use different cutoff scores for, or otherwise alter the results of employment-related tests on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin.

6. Except as otherwise provided in this chapter, an employer to use race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin as a motivating factor for any employment practice, even though other factors also motivate the practice.

7. (i) An employer to discriminate against any employees or applicants for employment, (ii) an employment agency or a joint apprenticeship committee controlling an apprenticeship or other training program to discriminate against any individual, or (iii) a labor organization to discriminate against any member thereof or applicant for membership because such individual has opposed any practice made an unlawful discriminatory practice by this chapter or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

8. An employer, labor organization, employment agency, or joint apprenticeship committee controlling an apprenticeship or other training program to print or publish, or cause to be printed or published, any notice or advertisement relating to (i) employment by such an employer, (ii) membership in or any classification or referral for employment by such a labor organization, (iii) any classification or referral for employment by such an employment agency, or (iv) admission to, or employment in, any program established to provide apprenticeship or other training by such a joint apprenticeship committee that indicates any preference, limitation, specification, or discrimination based on race, color, religion, sex, sexual

Case 3:25-cv-00256-RCY    Document 1-2    Filed 04/02/25    Page 18 of 33 PageID# 25

orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, age, or ethnic or national origin when religion, sex, age, or ethnic or national origin is a bona fide occupational qualification for employment.

C. Notwithstanding any other provision of this chapter, it is not an unlawful discriminatory practice:

1. For (i) an employer to hire and employ employees; (ii) an employment agency to classify, or refer for employment, any individual; (iii) a labor organization to classify its membership or to classify or refer for employment any individual; or (iv) an employer, labor organization, or joint apprenticeship committee to admit or employ any individual in any apprenticeship or other training program on the basis of such individual's religion, sex, or age in those certain instances where religion, sex, or age is a bona fide occupational qualification reasonably necessary to the normal operation of that particular employer, employment agency, labor organization, or joint apprenticeship committee;

2. For an elementary or secondary school or institution of higher education to hire and employ employees of a particular religion if such elementary or secondary school or institution of higher education is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society or if the curriculum of such elementary or secondary school or institution of higher education is directed toward the propagation of a particular religion;

3. For an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment, pursuant to a bona fide seniority or merit system, or a system that measures earnings by quantity or quality of production, or to employees who work in different locations, provided that such differences are not the result of an intention to discriminate because of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin;

4. For an employer to give and to act upon the results of any professionally developed ability test, provided that such test, its administration, or an action upon the results is not designed, intended, or used to discriminate because of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin;

5. For an employer to provide reasonable accommodations related to disability, pregnancy, childbirth or related medical conditions, and lactation, when such accommodations are requested by the employee; or

6. For an employer to condition employment or premises access based upon citizenship where the employer is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute or regulation of the federal government or any executive order of the President of the United States.

D. Nothing in this chapter shall be construed to require any employer, employment agency, labor organization, or joint apprenticeship committee to grant preferential treatment to any individual or to any group because of such individual's or group's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin on account of an imbalance that may exist with respect to the total number or percentage of persons of any race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin employed by any employer, referred or classified for employment by any employment agency or labor organization, admitted to membership or classified by any labor organization, or admitted to or employed in any apprenticeship or other training program, in comparison with the total number or percentage of persons of such race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or ethnic or national origin in any community.

E. The provisions of this section shall not apply to the employment of individuals of a particular religion by a religious corporation, association, educational institution, or society to perform work associated with its activities.

2020, c. 1140; 2021, Sp. Sess. I, cc. 12, 477, 478, 506, 513; 2023, cc. 624, 625; 2024, cc. 266, 334.

**§ 2.2-3905.1. Reasonable accommodations for persons with disabilities; unlawful discriminatory practice; notice of rights.**

A. As used in this section:

"Employer" means any person, or agent of such person, employing more than five employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

"Person with a disability" means the term as defined in § 51.5-40.1.

"Physical impairment" means the term as defined in § 51.5-40.1.

"Mental impairment" means the term as defined in § 51.5-40.1.

"Otherwise qualified person with a disability" means the term as defined in subsection A of § 51.5-41.

B. It shall be an unlawful discriminatory practice for an employer to:

1. Refuse to make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer. In determining whether an accommodation would constitute an undue hardship upon the employer, the following shall be considered:

a. Hardship on the conduct of the employer's business, considering the nature of the employer's operation, including composition and structure of the employer's workforce;

b. Size of the facility where employment occurs;

c. The nature and cost of the accommodations needed, taking into account alternative sources of funding or technical assistance included under § 51.5-173;

d. The possibility that the same accommodations may be used by other prospective employees; and

e. Safety and health considerations of the person with a disability, other employees, and the public.

2. Take adverse action against an employee who requests or uses a reasonable accommodation pursuant to this section.

3. Deny employment or promotion opportunities to an otherwise qualified applicant or employee because such employer will be required to make reasonable accommodation for a person with a disability.

4. Require an employee to take leave if another reasonable accommodation can be provided to the known limitations related to the disability.

5. Fail to engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided.

C. An employer shall post in a conspicuous location and include in any employee handbook information concerning an employee's rights to reasonable accommodation for disabilities. Such information shall also be directly provided to (i) new employees upon commencement of their employment and (ii) any employee within 10 days of such employee's providing notice to the employer that such employee has a disability.

2021, Sp. Sess. I, c. 12.

### § 2.2-3906. Civil action by Attorney General.

A. Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this chapter, or that any person or group of persons has been denied any of the rights granted by this chapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in the appropriate circuit court for appropriate relief.

B. In such civil action, the court may:

1. Award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this chapter, as is necessary to assure the full enjoyment of the rights granted by this chapter.

2. Assess a civil penalty against the respondent (i) in an amount not exceeding $50,000 for a first violation and (ii) in an amount not exceeding $100,000 for any subsequent violation. Such civil penalties are payable to the Literary Fund.

3. Award a prevailing plaintiff reasonable attorney fees and costs.

C. The court or jury may award such other relief to the aggrieved person as the court deems appropriate, including compensatory damages and punitive damages.

D. Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection A that involves an alleged discriminatory practice pursuant to this chapter with respect to which such person is an aggrieved person. The court may grant such appropriate relief to any such intervening party as is authorized to be granted to a plaintiff in a civil action under § 2.2-3908.

2020, c. 1140.

### § 2.2-3907. Procedures for a charge of unlawful discrimination; notice; investigation; report; conciliation; notice of the right to file a civil action; temporary relief.

A. Any person claiming to be aggrieved by an unlawful discriminatory practice may file a complaint in writing under oath or affirmation with the Office of Civil Rights of the Department of Law (the Office). Unless otherwise stated in this chapter, a complaint alleging a violation of this chapter or federal statutes governing discrimination in employment that also falls under the jurisdiction of this chapter shall be filed with the Office no later than 300 days from the day upon which the alleged discriminatory practice occurred. The Office itself may in a like manner initiate such a complaint. The complaint shall be in such detail as to substantially apprise any party properly concerned as to the time, place, and facts surrounding the alleged unlawful discrimination.

B. Upon perfection of a complaint filed pursuant to subsection A, the Office shall timely serve a charge on the respondent and provide all parties with a notice informing the parties of the complainant's rights, including the right to commence a civil action, and the dates within which the complainant may exercise such rights. In the notice, the Office shall notify the complainant that the charge of unlawful discrimination will be dismissed with prejudice and with no right to further proceed if a written complaint is not timely filed with the appropriate general district or circuit court.

C. The complainant and respondent may agree to voluntarily submit the charge to mediation without waiving any rights that are otherwise available to either party pursuant to this chapter and without incurring any obligation to accept the result of the mediation process. Nothing occurring in mediation shall be disclosed by the Office or admissible in evidence in any subsequent proceeding unless the complainant and the respondent agree in writing that such disclosure be made.

D. Once a charge has been issued, the Office shall conduct an investigation sufficient to determine whether there is reasonable cause to believe the alleged discrimination occurred. Such charge shall be the subject of a report made by the Office. The report shall be a confidential document subject to review by the Attorney General, authorized Office employees, and the parties. The review shall state whether there is reasonable cause to believe the alleged unlawful discrimination has been committed.

E. If the report on a charge of discrimination concludes that there is no reasonable cause to believe the alleged unlawful discrimination has been committed, the charge shall be dismissed and the complainant shall be given notice of his right to commence a civil action.

F. If the report on a charge of discrimination concludes that there is reasonable cause to believe the alleged unlawful discrimination has been committed, the complainant and respondent shall be notified of such determination and the Office shall immediately endeavor to eliminate any alleged unlawful discriminatory practice by informal methods such as conference, conciliation, and persuasion. When the Office determines that further endeavor to settle a complaint by conference, conciliation, and persuasion is unworkable and should be bypassed, the Office shall issue a notice that the case has been closed and the complainant shall be given notice of his right to commence a civil action.

G. At any time after a notice of charge of discrimination is issued, the Office or complainant may petition the appropriate court for temporary relief, pending final determination of the proceedings under this section, including an order or judgment restraining the respondent from doing or causing any act that would render ineffectual an order that a court may enter with respect to the complainant. Whether it is brought by the Office or by the complainant, the petition shall contain a certification by the Office that the particular matter presents exceptional circumstances in which irreparable injury will result from unlawful discrimination in the absence of temporary relief.

H. Upon receipt of a written request from the complainant, the Office shall promptly issue a notice of the right to file a civil action to the complainant after (i) 180 days have passed from the date the complaint was filed or (ii) the Office determines that it will be unable to complete its investigation within 180 days from the date the complaint was filed. If the Office fails to issue such a notice pursuant to the provisions of this subsection, the complainant may commence a timely civil action as provided in § 2.2-3908.

I. For any complaint or charge of discrimination for which the complainant has received a Notice of Right to Sue from the E.E.O.C., the general district or circuit court having jurisdiction shall accept the E.E.O.C. Notice of Right to Sue as a notice of the right to file a civil action under subsection H.

2020, c. 1140; 2021, Sp. Sess. I, c. 196; 2024, cc. 784, 819.

### § 2.2-3908. Civil actions by private parties.

A. 1. An aggrieved person (i) who has been provided a notice of his right to file a civil action pursuant to § 2.2-3907 by the Office or the Equal Employment Opportunity Commission or (ii) if 180 days have passed since a complaint was filed in the Office and the aggrieved person has not been provided a notice of his right to file a civil action may commence a timely civil action in an appropriate general district or circuit court having jurisdiction over the person who allegedly unlawfully discriminated against such person in violation of this chapter. Any person may file an action that is not dual-filed after 180 days have passed since the complaint was filed with the Office of Civil Rights of the Department of Law.

2. An aggrieved person may commence a timely civil action in an appropriate general district or circuit court having jurisdiction over the person who allegedly unlawfully discriminated against such person in violation of this chapter. Any such civil action may only be filed, if at all, within 90 days of the complainant's receipt of a notice of his right to file a civil action pursuant to § 2.2-3907.

B. If the court or jury finds that unlawful discrimination has occurred, the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

C. Upon timely application, the Attorney General may intervene in such civil action if the Attorney General certifies that the case is of general public importance. Upon intervention, the Attorney General may obtain such relief as would be available to a private party under subsection B.

2020, c. 1140; 2024, cc. 784, 819.

### § 2.2-3909. Causes of action for failure to provide reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions.

A. As used in this section:

"Employer" means any person, or agent of such person, employing five or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

"Lactation" means lactation as defined in § 2.2-3905.

"Reasonable accommodation" includes more frequent or longer bathroom breaks, breaks to express breast milk, access to a private location other than a bathroom for the expression of breast milk, acquisition or modification of equipment or access to or modification of employee seating, a temporary transfer to a less strenuous or hazardous position, assistance with manual labor, job restructuring, a modified work schedule, light duty assignments, and leave to recover from childbirth.

"Related medical conditions" includes lactation.

B. No employer shall:

Case 3:25-cv-00256-RCY    Document 1-2    Filed 04/02/25    Page 21 of 33 PageID# 28

1. Refuse to make reasonable accommodation to the known limitations of a person related to pregnancy, childbirth, or related medical conditions, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer.

a. In determining whether an accommodation would constitute an undue hardship on the employer, the following shall be considered:

(1) Hardship on the conduct of the employer's business, considering the nature of the employer's operation, including composition and structure of the employer's workforce;

(2) The size of the facility where employment occurs; and

(3) The nature and cost of the accommodations needed.

b. The fact that the employer provides or would be required to provide a similar accommodation to other classes of employees shall create a rebuttable presumption that the accommodation does not impose an undue hardship on the employer.

2. Take adverse action against an employee who requests or uses a reasonable accommodation pursuant to this section. As used in this subdivision, "adverse action" includes failure to reinstate any such employee to her previous position or an equivalent position with equivalent pay, seniority, and other benefits when her need for a reasonable accommodation ceases.

3. Deny employment or promotion opportunities to an otherwise qualified applicant or employee because such employer will be required to make reasonable accommodation to the known limitations of such applicant or employee related to pregnancy, childbirth, or related medical conditions.

4. Require an employee to take leave if another reasonable accommodation can be provided to the known limitations related to the pregnancy, childbirth, or related medical conditions of such employee.

C. Each employer shall engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided.

D. An employer shall post in a conspicuous location and include in any employee handbook information concerning an employee's rights to reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions. Such information shall also be directly provided to (i) new employees upon commencement of their employment and (ii) any employee within 10 days of such employee's providing notice to the employer that she is pregnant.

E. An employee or applicant who has been denied any of the rights afforded under subsection B may bring an action in a general district or circuit court having jurisdiction over the employer that allegedly denied such rights. Any such action shall be brought within two years from the date of the unlawful denial of rights, or, if the employee or applicant has filed a complaint with the Office of Civil Rights of the Department of Law or a local human rights or human relations agency or commission within two years of the unlawful denial of rights, such action shall be brought within 90 day from the date that the Office or a local human rights or human relations agency or commission has rendered a final disposition on the complaint.

If the court or jury finds that an unlawful denial of rights afforded under subsection B has occurred, the court or jury may award to the plaintiff, as the prevailing party, compensatory damages, back pay, and other equitable relief. The court may also award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

F. The provisions of this section regarding the provision of reasonable accommodation for known limitations related to pregnancy, childbirth, and related medical conditions shall not be construed to affect any other provision of law relating to discrimination on the basis of sex or pregnancy.

2020, cc. 1138, 1139, 2.2-3904; 2021, Sp. Sess. I, c. 196.

10/9/24, 11:23 AM    Case 3:25-cv-00256-RCY    Document 1-2    Virginia Administrative Code    Filed 04/02/25    Page 23 of 33 PageID# 30

10/9/2024

Virginia Administrative Code
Title 1. Administration
Agency 45. Department of Law
Chapter 20. Regulations Regarding the Virginia Human Rights Act

**1VAC45-20-10. Policy.**

The purpose of this chapter is to supplement the Virginia Human Rights Act (§ 2.2-3900 et seq.) of the Code of Virginia, which safeguards all individuals within the Commonwealth from unlawful discrimination.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-10 derived from VR402-01-02 § 1, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

**1VAC45-20-20. Definitions.**

**1VAC45-20-20. Definitions.**

The following words and terms when used in this chapter shall have the following meanings unless the context clearly indicates otherwise:

"Act" means the Virginia Human Rights Act, Chapter 39 (§ 2.2-3900 et seq.) of Title 2.2 of the Code of Virginia.

"Charge of discrimination" or "charge" means a complaint that has been perfected by the division and served on the parties to provide notice that the division has accepted and will investigate a complaint.

"Complaint" means a written statement by a person or by the division alleging an act of discrimination prohibited by the Act.

"Complainant" or "charging party" means a person who claims to have been injured by a discriminatory practice.

"Designee" means an individual designated by the director to act in his stead pursuant to this chapter.

"Determination" means the final written report detailing the division's findings of fact and analysis of whether or not there is reasonable cause to believe the Act was violated.

"Director" means an individual designated by the Attorney General to oversee the division and perform the duties and responsibilities outlined in the Act.

"Discharge" means an actual or constructive termination or separation of an employee from employment.

"Division" means the Division of Human Rights of the Department of Law.

"Hearing officer" means a person qualified from the list of hearing officers maintained by the Executive Secretary of the Supreme Court of Virginia.

"Person" means, consistent with § 1-230 of the Code of Virginia, any individual, corporation, partnership, association, cooperative, limited liability company, trust, joint venture, government, political subdivision, or any other legal or commercial entity and any successor, representative, agent, agency, or instrumentality thereof.

"Respondent" means a person against whom a complaint of violation of the Act is filed. In addition, those terms and any other referring to people will be considered masculine or feminine.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-20 derived from VR402-01-02 § 2, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-25. General.

A. If the division fails to act by dates specified in this chapter, neither the rights of the complainant nor the respondent shall be prejudiced.

B. If the complainant or the respondent fails to comply with the provisions stated in this chapter, except where good cause is shown, the failure may be deemed a waiver of any rights provided in this chapter.

C. After the initial filing, all correspondence relative to the case shall be by certified mail, electronic communications, hand delivered, or by a carrier that will furnish a receipt or proof of delivery.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-30. Complaints by or on behalf of persons claiming to be aggrieved.

A. The division shall receive information concerning alleged violations of the Act from any person. Where the information discloses that a person is entitled to file a complaint with the division, the division shall render assistance in the filing and perfecting of a complaint.

B. A complaint on behalf of a person claiming to be aggrieved may be made by any person, agency, or organization; however, the complaint shall be made in writing and shall be verified. The written complaint need not identify by name the person on whose behalf it is made. The person making the complaint, however, shall provide the division orally with the name, address, and telephone number of the person on whose behalf the complaint is made. During the division's investigation, the director shall verify the complaint with the person on whose behalf the complaint is made. The division may reveal the identity of complainants to federal, state, or local agencies that have agreed to keep such information confidential.

C. The complainant shall provide the division with notice of any change in address and with notice of any prolonged absence from his current address.

D. A complaint shall be filed with the division not later than 180 days from the day upon which the alleged discriminatory practice occurred.

E. A complaint alleging a violation of federal statutes governing discrimination in employment that also falls under the jurisdiction of the Act shall be filed with the division not later than 300 days from the day upon which the alleged discriminatory practice occurred.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-30 derived from VR402-01-02 § 3, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28,

2020.

## 1VAC45-20-40. Where to make a complaint.

A complaint may be filed in person at or by mail to 202 North 9th Street, Richmond, VA 23219 between the hours of 9 a.m. and 5 p.m., Monday through Friday; by FAX to (804) 225-3294; or by email to human_rights@oag.state.va.us. Telephone calls may be made to (804) 225-2292 in order to receive information on how and where to file complaints. Complaints shall not be accepted over the telephone.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-40 derived from VR402-01-02 § 4, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

## 1VAC45-20-50. Contents of complaint.

A. Each complaint shall contain the following:

1. The full name, address, and telephone number of the person making the complaint;

2. The full name and address of the person against whom the complaint is made;

3. A clear concise statement of the facts, including pertinent dates, constituting the alleged unlawful discriminatory practices;

4. The date of filing and the name of the agency in cases where complaints alleging unlawful discriminatory practices have been filed before a local, state, or federal agency charged with the enforcement of discrimination laws; and

5. Any documentation the complainant believes will support the claim.

B. Notwithstanding the provisions of subsection A of this section, a complaint shall be considered filed when the division receives a written statement that identifies the parties and describes generally the action or practices complained of.

C. A complaint or charge may be reasonably and fairly amended by the complainant or the director at any time prior to a determination, settlement, or hearing. Except for the purposes of notifying the respondent as specified in subsection D of this section, an amended complaint or charge will be considered as having been made as of the original filing date.

D. When an amendment is filed, the division shall forward a copy of the amendment to the respondent within five working days of the amendment. The respondent shall within 10 working days after receiving the amendment file an answer to the amendment.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-50 derived from VR402-01-02 § 5, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-55. Cooperative agreements with federal agencies or local commissions.

The division may enter into cooperative agreements with the U.S. Equal Employment Opportunity Commission (EEOC) or other federal agencies or local commissions to carry out the purposes of the Act.

Under such cooperative agreements, the division may dual file cases and exchange information with the EEOC or other federal agencies or local commissions under such agreements. For complaints that also fall under the jurisdiction of federal laws and regulations, the division will recognize the provisions of such laws and regulations to the extent permitted under the laws of Virginia.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-60. Filing referrals to state and federal agencies.

A. Complaints that are under the jurisdiction of another state agency are considered filed with that agency when received by the division provided the time limit for filing with the other agency has not expired.

B. The division may establish interagency agreements with other state agencies

for purposes of carrying out its referral functions.

C. If the director or the director's designee determines that the complaint is not within the division's jurisdiction, but possibly in the jurisdiction of another state or federal agency, the complaint shall be promptly sent to the appropriate agency after such determination. The complainant shall be notified of this action and provided with a reason for the referral. Once the complaint has been referred to the appropriate agency and the complainant has received notification of the referral, the division shall close the case. In the event the complaint is not under the jurisdiction of the agency to which it was referred, or if additional evidence is submitted, the division may reopen the complaint.

D. Persons filing under Title VII of the Civil Rights Act of 1964, as amended, or the Fair Labor Standards Act shall be promptly notified that they should also file with the appropriate federal agency within the appropriate time period if the statute of limitations has not already expired.

E. The division shall time-stamp and date all complaints upon receipt.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-60 derived from VR402-01-02 § 6, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; Errata, 33:18 VA.R 2029 May 1, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-70. Notice of charge of discrimination.

Within 15 days after the perfecting of a complaint, the director shall issue a notice of the charge of discrimination to the respondent by a delivery service with proof of receipt.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-70 derived from VR402-01-02 § 7, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-75. Withdrawal of a complaint by a complainant.

A. A complaint filed by or on behalf of a person claiming to be aggrieved by a violation of the Act may be withdrawn only by the person claiming to be aggrieved and only with consent of the division. The director or the director's designee may grant consent to a request to withdraw a complaint, other than a complaint initiated by the division, where the withdrawal of the complaint will not defeat the purposes of the Act.

B. A request for the withdrawal of a complaint shall be made in writing and signed by the person claiming to be aggrieved by the alleged unlawful discriminatory employment practice. The director or the director's designee shall likewise sign and date the request for withdrawal upon granting consent.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-80. Investigations by the director or the director's designee.

A. During the investigation of a complaint, the director may utilize the information gathered by other government agencies. The director shall accept a statement of position or evidence submitted by the complainant, the person making the complaint on behalf of complainant, any witnesses identified by the parties, or the respondent. The director may submit a request for a position statement to the respondent that, in addition to specific questions, may request a response to the allegations contained in the complaint.

B. The request for information by the director or the director's designee shall be mailed within 30 business days of receipt of the charge of discrimination. A response to the request for information shall be submitted within 21 business days from the date the request is postmarked.

C. The complainant and respondent shall provide such additional information deemed necessary by the director or his designee to conduct an investigation.

D. The authority of the director or the director's designee to investigate a complaint is not limited to the procedures outlined in subsections A, B, and C of this section.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-80 derived from VR402-01-02 § 8, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-82. Witnesses.

The division may contact and interview any witnesses identified by the parties as part of its investigation of the allegations set forth in a charge of discrimination. The identity and any information that may reveal the identity of a witness shall remain confidential throughout the division's investigation and in documents that may be available to the parties or to the public once the division's investigation is concluded.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-83. Requests for documents.

A. The division is authorized to collect documents relevant to and in furtherance of its investigation of the allegations set forth in a charge of discrimination.

Case 3:25-cv-00256-RCY    Document 1-2    Filed 04/02/25    Page 28 of 33 PageID# 35

B If a person receiving a request for documents from the division does not voluntarily produce the requested documents, the division may issue a subpoena for the production of the documents in accordance with the Act and this chapter.

C. Any information in a document that may reveal the identity of a witness shall remain confidential throughout the division's investigation and will be removed or redacted from any documents that may be available to the parties or public once the division's investigation is concluded.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-84. Fact-finding conference.

The director may require a fact-finding conference held in accordance with § 2.2-4019 of the Code of Virginia with the parties prior to issuing a determination regarding a charge of discrimination. The fact-finding conference is an investigative forum intended to define the issues, to determine the elements in dispute, and to ascertain whether there is a basis for a negotiated settlement of the complaint.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-85. Withdrawal of a charge.

A. A person claiming to be aggrieved by a violation of the Act may withdraw a charge of discrimination only with the consent of the division. The director or the director's designee may grant consent to a request to withdraw a charge of discrimination, other than a charge of discrimination initiated by the division, where the withdrawal of the charge of discrimination will not defeat the purposes of the Act.

B. A request for the withdrawal of a charge of discrimination shall be made in writing and shall be signed by the person claiming to be aggrieved by the alleged unlawful discriminatory employment practice. The director or the director's designee shall likewise sign and date the request for withdrawal of the charge of discrimination upon granting their consent.

C. If the request for a withdrawal of the charges of discrimination includes a request for the division to issue a notice of right to sue, the division will issue such notice in accordance with the provisions of 1VAC45-20-87.

D. Upon the granting of the aggrieved person's request to withdraw that person's charge of discrimination, the division will cease its investigation and dismiss the charge of discrimination.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-86. Negotiated settlement.

A. Prior to the issuance of a final determination, the division may encourage the parties to settle the charge of discrimination through mediation on terms that are mutually agreeable. The director or the director's designee shall have the authority to sign any settlement agreement that is agreeable to the parties.

B. When the division agrees in any negotiated settlement not to further process the related charge of discrimination, the division's agreement shall be in consideration for the promises made by the other parties to the agreement. Such an agreement shall not affect the processing of any other charge in which the allegations are like or related to the individual allegations settled.

C. The division may also, prior to the issuance of a final determination, facilitate a settlement between a complainant and a respondent by permitting the withdrawal of a charge of discrimination in accordance with 1VAC45-20-85.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-87. Issuance of notice of right to sue during investigation.

A. If a complainant submits a request that the division issue a notice of right to sue prior to the completion of its investigation in accordance with the provisions of § 2.2-3907 H of the Code of Virginia, the division will promptly issue a notice of right to sue in accordance with 1VAC45-20-98 upon receipt of such request.

B. A request for the issuance of a notice of right to sue made in accordance with § 2.2-3907 H of the Code of Virginia must be in writing and signed by the complainant and specify that such request is made because either (i) 180 days have passed from the date the complaint was filed or (ii) the division will be unable to complete its investigation within 180 days from the date the complaint was filed.

C. Upon issuing the requested notice for right to sue to the complainant, the division will cease its investigation and dismiss the matter.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-90. Dismissal; procedure and authority.

When the director determines that the complaint or charge (i) is not timely filed or (ii) fails to state a claim under the Act, the director shall dismiss the complaint and provide prompt written notice of the dismissal to the parties by a delivery service with proof of receipt.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-90 derived from VR402-01-02 § 9, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-92. No reasonable cause determinations; procedure and authority.

A. When the director determines after investigation that there is not reasonable cause to believe that the Act has been violated, the director shall dismiss the complaint and issue the complainant a notice of right to sue. If the matter falls under the jurisdiction of a federal law, the director shall then immediately refer the matter to the appropriate federal agency for further processing.

B. The division will provide the parties a copy of its written no cause determination by a delivery service with proof of receipt.

C. The division may, on its own initiative, reconsider a final determination of no cause within 10 business days from the date of the no cause determination was issued. If the division decides to reconsider a no cause determination, it shall promptly issue a notice of intent to reconsider to all parties to the charge. Such notice of intent to reconsider shall vacate the no cause determination and shall revoke the complainant's notice of right to sue. After reconsideration, the division shall issue a new final determination and shall, if appropriate, include a new notice of right to sue under which the 90-day period begins upon the date the new determination was issued.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-94. Reasonable cause determination; procedure and authority.

A. When the director determines after investigation that there is reasonable cause to believe that the Act has been violated, the director shall issue a final determination to the parties stating that based on and limited to the evidence obtained by the division, reasonable cause existed to believe that an unlawful discriminatory employment practice has occurred.

B. The division will immediately offer the parties an opportunity to settle the matter in accordance with 1VAC45-20-96. If the parties are unable to conciliate this matter in a timely fashion, the director shall promptly dismiss the matter, notify the parties of the dismissal in writing by a delivery service that verifies receipt, and issue a notice of right to sue to the charging party.

C. The division may, on its own initiative, reconsider a final determination of reasonable cause within 10 business days from the date the reasonable cause determination was issued. If the division decides to reconsider a reasonable cause determination, it shall promptly issue a notice of intent to reconsider to all parties to the charge. Such notice of intent to reconsider shall vacate the reasonable cause determination and shall revoke the charging party's notice of right to sue. After reconsideration, the division shall issue a new determination and shall, if appropriate, include a new notice of right to sue under which the 90-day period begins upon the date the new determination was issued.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-96. Conciliation.

A. Where the division determines there is reasonable cause to believe that the Act has been violated, the division shall endeavor to eliminate such practice by informal methods of conference, mediation, conciliation, and negotiation. In such instances, the division shall attempt to achieve a just resolution of all alleged violations found and to obtain agreement that the respondent will eliminate the unlawful discriminatory practice and provide appropriate affirmative relief.

B. When such conciliation efforts are successful, the terms of the agreement shall be reduced to writing and promptly signed by the complainant, respondent, and the director or the director's designee. A copy of the conciliation agreement shall be sent to the aggrieved person and the respondent. Where a charge was filed on behalf of an aggrieved person, the conciliation agreement may be signed by the person who filed the charge or by the aggrieved person.

C. Proof of compliance with the terms of the agreement shall be obtained by the division before the case is closed. In an instance in which an aggrieved person or a member of the class claimed to be aggrieved by the

unlawful discriminatory practice is not a party to such agreement, the agreement shall not extinguish or in any way prejudice the rights of such person to proceed with a civil action under the Act.

D. Where such conciliation efforts are not successful or the division determines that further conciliation efforts would be futile or unproductive, the division will so notify the parties in writing, cease conciliation efforts, dismiss the matter, and issue the charging party a notice of right to sue in accordance with 1VAC45-20-98.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-98. Notice of right to sue.

A. If a charging party requests a notice of right to sue in accordance with § 2.2-3907 H of the Code of Virginia, the division will immediately cease the investigation, dismiss the charge of discrimination, and issue a notice of right to sue to the charging party. If the matter falls under the jurisdiction of a federal law, the division will promptly notify the appropriate federal agency of the charging party's request for withdrawal and issuance of a notice of right to sue.

B. When the division completes its investigation and issues its final determination, the division will issue a notice of right to sue to the charging party once the matter is dismissed.

C. The charging party will have 90 days from the date the division issues its notice of right to sue to file a civil action in the appropriate state court to enforce their rights under the Act.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Derived from Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-100. (Repealed.)

**Statutory Authority**

**Historical Notes**
Former 22VAC25-10-100 derived from VR402-01-02 § 10, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; repealed, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

### 1VAC45-20-110. Formal hearing.

A. When conciliation efforts fail or when the director determines that the conciliation process will not be in the best interest of the complainant or the Commonwealth, the director shall set the matter for formal hearing conducted in accordance with § 2.2-4020 of the Code of Virginia prior to dismissing the matter and issuing a notice of right to sue or refer the complaint to the appropriate federal agency for further processing.

B. If a matter is set for a formal hearing under subsection A of this section, the division shall mail a notice of the time and place of the hearing to the parties at least 20 business days before the date of the hearing.

C. All formal hearings shall be open to the public.

D. A hearing officer appointed by the division from a list obtained from the Supreme Court of Virginia shall preside over the hearing.

E. The hearing officer shall not be bound by statutory rules of evidence or technical rules of procedure.

F. Both the complainant and the respondent shall appear and be heard in person, but may be assisted by counsel or by an authorized representative.

G. All testimony shall be given under oath or affirmation.

H. The order of presentation shall be established by the hearing officer with the burden of proof being placed on the complainant.

I. Where any party fails to appear at a fact-finding conference or hearing conducted pursuant to this chapter, the division shall proceed in accordance with the provisions of § 2.2-4020.2 of the Code of Virginia.

J. Irrelevant, immaterial, and unduly repetitious evidence shall, at the discretion of the hearing officer, be excluded. The rules of privilege shall be given effect.

K. The hearing officer may accept relevant documents or other evidence into the record as exhibits. Documents to be submitted at the hearing by a party shall be distributed to the division and the other party no later than five business days prior to the hearing. Documents not submitted in accordance with this rule shall only be admitted when the hearing officer determines that just cause exists.

L. Before the hearing concludes, the parties shall be given an opportunity to present an oral closing argument of their cases and proposed findings and conclusions in accordance with the provisions of § 2.2-4020 of the Code of Virginia.

M. The hearing shall be recorded by an official reporter and one transcript shall be purchased by the division. After the division has received the transcript, the division's copy shall be made available for review within five business days upon request to the division during regular business hours.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-110 derived from VR402-01-02 § 11, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-120. Findings and recommendations from a formal hearing.

A. The hearing officer shall submit a recommended decision with findings of fact and conclusions of law in writing to the division. The recommended decision of the hearing officer shall be filed with the division within 90 days of the date of completion of the hearing.

B. If the director accepts the hearing officer's findings that the respondent has not engaged in a discriminatory practice, the division shall issue an order dismissing the complaint. A copy of the order shall be furnished to the complainant and the respondent.

C. If the division accepts the hearing officer's findings that the respondent has committed an unlawful discriminatory practice, the division shall state its findings and may issue recommendations to the respondent to eliminate the discriminatory practice, including:

1. Hiring, reinstating, promoting, or upgrading the position of the complainant, with or without back pay, and providing such fringe benefits as the complainant has been denied;

2. Restoring or admitting the complainant to membership in a labor organization, a training program, a guidance program, or other occupational training program, using the objective criteria for admission of persons to such programs;

3. Leasing, renting, or selling property at issue to the complainant;

4. Extending to the complainant the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations of the respondent;

5. Admitting the complainant to a public accommodation or an educational institution;

6. Reporting as to the manner of compliance;

7. Posting notices in a conspicuous place setting forth requirements for compliance with this chapter or other information that the division deems necessary to explain the Act;

8. Revising personnel policies and procedures, including the undertaking of affirmative efforts; and

9. Reimbursing attorney's fees to complainant.

D. If the division rejects the hearing officer's recommended decision, the division shall state its own finding of facts and conclusions of law based on the record.

E. Copies of the division's final decision, including where applicable, any recommendations, shall be furnished to the complainant and respondent within 15 business days.

**Statutory Authority**
§ 2.2-520 of the Code of Virginia.

**Historical Notes**
Former 22VAC25-10-120 derived from VR402-01-02 § 12, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; amended, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

## 1VAC45-20-130. (Repealed.)

**Statutory Authority**

**Historical Notes**
Former 22VAC25-10-130 derived from VR402-01-02 § 13, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; repealed, Virginia Register Volume 37, Issue 3, eff. October 28, 2020.

Website addresses provided in the Virginia Administrative Code to documents incorporated by reference are for the reader's convenience only, may not necessarily be active or current, and should not be relied upon. To ensure the information incorporated by reference is accurate, the reader is encouraged to use the source document described in the regulation.

As a service to the public, the Virginia Administrative Code is provided online by the Virginia General Assembly. We are unable to answer legal questions or respond to requests for legal advice, including application of law to specific fact. To understand and protect your legal rights, you should consult an attorney.